Chief Justice Roberts,
concurring in the judgment.
The Court’s decision is grounded in unusual facts that necessarily limit its reach. When issues under Brady v. Maryland, 373 U. S. 83 (1963), are presented on federal habeas, they usually have been previously addressed in state proceedings. Federal review is accordingly sharply limited by established principles of deference: If the claim has been waived under state rules, that waiver typically precludes federal review. If the claim has been decided in the state system, federal review is restricted in light of the state court’s legal and factual conclusions. The unique procedural posture of this case presents a Brady claim neither barred under state rules for failure to raise it nor decided in the state system.
When it comes to that claim, the Court specifies that the appropriate legal standard is the one we set forth in Kyles *477 v. Whitley, 514 U. S. 419, 435 (1995) (whether “the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict”). See ante, at 470, 475, n. 19. I do not understand the majority to depart from that standard, and the majority certainly does not purport to do so.
That leaves only application of the accepted legal standard to the particular facts. It is highly unusual for this Court to engage in such an enterprise, see Kyles, supra, at 458 (Scalia, J., dissenting), and the Court’s asserted basis for doing so in this case is dubious, see post, at 486, 489-490 (Thomas, J., dissenting).
In any event, the Court’s review of the facts does not lead it to conclude that Cone is entitled to relief — only that the courts below did not adequately consider his claim with respect to sentencing. See ante, at 475 (“Neither the Court of Appeals nor the District Court fully considered whether the suppressed evidence” undermines confidence in Cone’s sentence). The Court simply reviews the facts in the light most favorable to Cone, concludes that the evidence does not undermine confidence in the jury’s determination that Cone is guilty, but sends the case back for “full consideration” of whether the same is true as to the jury’s sentence of death. Ante, at 474-476.
So this is what we are left with: a fact-specific determination, under the established legal standard, viewing the unique facts in favor of the defendant, that the Brady claim fails with respect to guilt, but might have merit as to sentencing. In light of all this,.I see no reason to quarrel with the Court’s ruling on the Brady claim.
In considering on remand whether the facts establish a Brady violation, it is clear that the lower courts should analyze the issue under the constitutional standards we have set forth, not under whatever standards the American Bar Association may have established. The ABA standards are *478 wholly irrelevant to the disposition of this case, and the majority’s passing citation of them should not be taken to suggest otherwise. See ante, at 470, n. 15.